UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ERICA U.,

          Plaintiff,

  v.

NANCY A. BERRYHILL, Deputy Commissioner of Social Security for Operations,

          Defendant.

CASE NO. C18-5307 BHS

ORDER REVERSING AND REMANDING DENIAL OF BENEFITS

## I.    BASIC DATA

Type of Benefits Sought:

    (X) Disability Insurance

    (X) Supplemental Security Income

Plaintiff's:

    Sex: Female

    Age: 31 at the time of alleged disability onset.

Principal Disabilities Alleged by Plaintiff: Seizures, head trauma, posttraumatic stress disorder. AR at 131.

Disability Allegedly Began: July 9, 2012.

Principal Previous Work Experience: Fast food worker.

Education Level Achieved by Plaintiff: Sixth grade.

ORDER - 1

## II. PROCEDURAL HISTORY—ADMINISTRATIVE

This case has had two separate decisions by an Administrative Law Judge ("ALJ"). In 2014, ALJ Gary Elliott held a hearing and later issued a decision finding Plaintiff not disabled. *See* AR at 66-104, 187-222. After this decision, Plaintiff filed a new application for benefits. *See id.* at 412-32. She was found to be disabled as of June 25, 2015. *Id.* at 329. On February 18, 2016, the Appeals Council issued an order remanding ALJ Elliott's 2014 decision for reconsideration in light of newly submitted evidence. *See id.* at 238-40.

Before ALJ:

    Date of Hearing: August 10, 2016

    Date of Decision: December 1, 2016

    Appears in Record at: AR at 41-55

    Summary of Decision:

> The claimant has not engaged in substantial gainful activity since the alleged onset date. *See* 20 C.F.R. §§ 404.1571, *et seq.* & 416.971, *et seq.*
>
> Since the alleged onset date of July 9, 2012, the claimant has had the following severe impairments: Epilepsy; migraines/headaches; history of congenital cavernoma; unspecified neurocognitive disorder; adjustment disorder; anxiety disorder. *See* 20 C.F.R. §§ 404.1520(c) & 416.920(c).
>
> Prior to June 26, 2014, the claimant did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. *See* 20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 & 416.926.
>
> Prior to June 26, 2014, the claimant had the residual functional capacity ("RFC") to perform light work with further restrictions. She can never climb ladders, ropes, or scaffolds. She can occasionally stoop,

crouch, or crawl. She must avoid concentrated exposure to vibration, noise, or hazards. She can perform unskilled work. She cannot have contact with the public. She can have occasional contact with coworkers, but not in a way that requires teamwork.

Since July 9, 2012, the claimant has been unable to perform any past relevant work. *See* 20 C.F.R. §§ 404.1565 & 416.965.

Prior to June 26, 2014, considering the claimant's age, education, work experience, and RFC, there were jobs existing in significant numbers in the national economy that the claimant could have performed. *See* 20 C.F.R. §§ 404.1569, 404.1569(a), 416.969 & 416.969.

Beginning on June 26, 2014, the severity of the claimant's impairments met the criteria of sections 11.02 and 11.04 of 20 C.F.R. Part 404, Subpart P, Appendix 1. *See* 20 C.F.R. 404.1520(d), 404.1525, 416.920(d) & 416.925.

The claimant was not disabled prior to June 26, 2014 (20 C.F.R. § 1520(g)), but became disabled on that date and has continued to be disabled through the date of this decision. *See* 20 C.F.R. §§ 404.1520(d) & 416.920(d).

Before Appeals Council:

Date of Decision: February 20, 2018

Appears in Record at: AR at 1–3

Summary of Decision: Denied review.

### III. PROCEDURAL HISTORY—THIS COURT

Jurisdiction based upon: 42 U.S.C. § 405(g)

Brief on Merits Submitted by (X) Plaintiff   (X) Commissioner

### IV. STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), the Court may set aside the Commissioner's denial of Social Security benefits when the ALJ's findings are based on legal error or not

supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005). "Substantial evidence" is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the ALJ. *See Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). "Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Id.*

## V.      EVALUATING DISABILITY

Plaintiff, as the claimant, bears the burden of proving she is disabled within the meaning of the Social Security Act ("Act"). *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). The Act defines disability as the "inability to engage in any substantial gainful activity" due to a physical or mental impairment which has lasted, or is expected to last, for a continuous period of not less than twelve months. 42 U.S.C. §§ 423(d)(1)(A) & 1382c(3)(A). A claimant is disabled under the Act only if her impairments are of such severity that she is unable to do her previous work, and cannot, considering her age, education, and work experience, engage in any other substantial

gainful activity existing in the national economy. 42 U.S.C. §§ 423(d)(2)(A) & 1382c(a)(3)(B); *see also Tackett v. Apfel*, 180 F.3d 1094, 1098-99 (9th Cir. 1999).

The Commissioner has established a five-step sequential evaluation process for determining whether a claimant is disabled within the meaning of the Act. *See* 20 C.F.R. §§ 404.1520, 416.920. The claimant bears the burden of proof during steps one through four. *Valentine v. Comm'r of Soc. Sec. Admin.*, 574 F.3d 685, 689 (9th Cir. 2009). At step five, the burden shifts to the Commissioner. *Id.*

## VI. ISSUES ON APPEAL[1]

Whether the ALJ properly evaluated Plaintiff's impairments at step three.

Whether the ALJ properly considered Plaintiff's seizure disorder in evaluating her ability to work.

Whether the ALJ properly evaluated the lay witness evidence.

Whether the ALJ's step five findings were supported by substantial evidence.

Whether, if the ALJ committed reversible error, the matter should be remanded for an award of benefits.

## VII. DISCUSSION

**A. The ALJ Did Not Err in Evaluating Plaintiff's Impairments at Step Three**

Plaintiff challenges the ALJ's determination that she did not meet a listing at step three of the disability evaluation process. Pl. Op. Br. at 1. Specifically, Plaintiff argues

---

[1] Plaintiff was found to be disabled as of June 26, 2014. *See* AR at 53-54. Plaintiff has thus limited her appeal to challenging the ALJ's determination that she was not disabled between July 9, 2012, her alleged onset date, and June 26, 2014, the established onset date. *See* Pl. Op. Br., Dkt. 9, at 3.

that the ALJ failed to address whether she met Listing 12.05B, which applies to intellectual disorders. *Id.* at 5-8. Defendant responds that the ALJ did not need to consider whether Plaintiff met Listing 12.05B because she was found to suffer from a neurocognitive disorder, not an intellectual disorder. Def. Resp. Br., Dkt. 13, at 3-4.

Plaintiff's argument is contingent on a determination that the ALJ erred in failing to find that she suffered from an intellectual disorder. To establish an intellectual disorder, triggering evaluation under Listing 12.05, a claimant must show (1) "significantly subaverage general intellectual functioning with deficits in adaptive functioning" that (2) "initially manifested during the developmental period; i.e., the evidence demonstrates or supports onset of the impairment before age 22." 20 C.F.R. Part 404, Subpart P, Appendix 1, Listing 12.05. "A claimant must 'present medical findings equal in severity to *all* the criteria for the one most similar listed impairment.'" *Kennedy v. Colvin*, 738 F.3d 1172, 1173 (9th Cir. 2013) (emphasis in original) (quoting *Sullivan v. Zebley*, 493 U.S. 521, 531 (1990), *superseded by statute on other grounds as stated in Colon v. Apfel*, 133 F. Supp. 2d 330, 338-39 (S.D.N.Y. 2001)).

Although Plaintiff has presented evidence of significantly below average intellectual functioning in the form of an IQ score of 59, she has failed to present evidence that demonstrates onset of the impairment before age 22. Plaintiff did not allege a disability onset date until 2012, and her IQ test did not occur until 2014,[2] well

---

[2] The date of Plaintiff's IQ test is not determinative of when her impaired intellectual functioning manifested, but it is relevant to the point that Plaintiff has not presented evidence that her intellectual impairment manifested before age 22.

after Plaintiff was age 22. *See* AR at 393, 395, 1011-15. Plaintiff has identified evidence in the record indicating that she had significant intellectual deficits as early as December 2012, but that is still nearly a decade after she was age 22. *See id.* at 393, 815-20. The closest evidence of earlier intellectual dysfunction Plaintiff points to is that she dropped out of school in sixth grade and received special education. *See id.* at 1012. But people drop out of school and receive special education for a multitude of reasons other than severely low intellect. Simply put, Plaintiff has not met her burden of proving that the ALJ erred in failing to find that she had an intellectual disorder and, in turn, has not met her burden of proving that the ALJ erred in failing to assess whether she met Listing 12.05B. *See Ludwig v. Astrue*, 681 F.3d 1047, 1054 (9th Cir. 2012) (holding that the party challenging an administrative decision bears the burden of proving harmful error) (citing *Shinseki v. Sanders*, 556 U.S. 396, 407-09 (2009)).

**B.     The ALJ Did Not Err in Considering Plaintiff's Seizure Disorder When Evaluating Her Ability to Work**

Plaintiff next argues that the ALJ erred by failing to consider the impact of her seizure disorder on her ability to drive. Pl. Op. Br. at 8-9. Plaintiff does not challenge the ALJ's assessment of any of the medical evidence, but argues that a driving restriction should have been included in the RFC because it impacted her access to employment. *See id.* Plaintiff relatedly argues that the ALJ erred by failing to consider whether Plaintiff needed to be accompanied on public transportation to work. *See* Pl. Op. Br. at 9.

Plaintiff's arguments fail. The Social Security regulations do not take into account a claimant's ability to get to and from work. *See, e.g.*, 20 C.F.R. § 404.1566(c) ("We will

determine that you are not disabled if your residual functional capacity and vocational abilities make it possible for you to do work which exists in the national economy, but you remain unemployed because of—(1) Your inability to get work; [or] (2) Lack of work in your local area."). Plaintiff has thus not established that the ALJ committed harmful error in failing to account for her driving and traveling restrictions when evaluating Plaintiff's ability to work. *See Ludwig*, 681 F.3d at 1054.

C.     **The ALJ Erred in Evaluating the Lay Witness Evidence**

Plaintiff argues that the ALJ erred by failing to properly consider the lay witness statements in the record. Pl. Op. Br. at 9-10. In determining disability, "'an ALJ must consider lay witness testimony concerning a claimant's ability to work." *Bruce v. Astrue*, 557 F.3d 1113, 1115 (9th Cir. 2009) (quoting *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1053 (9th Cir. 2006)). The ALJ must "give reasons germane to each witness" before he can reject such lay witness evidence. *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012) (internal citations and quotations omitted). "Further, the reasons 'germane to each witness' must be specific." *Bruce*, 557 F.3d at 1115 (quoting *Stout*, 454 F.3d at 1054).

The record includes eleven lay witness statements from Plaintiff's family and friends. *See* AR at 482-89, 519-33, 606-13, 661, 664, 671-72, 675, 680. The ALJ gave all of these witnesses' statements little weight. *See id.* at 51. He found that "in spite of non-compliance with treatment, [Plaintiff's] seizure activity appeared to be overall maintained." *Id.* The ALJ erred in reaching this conclusion.

First, the record contains little evidence that Plaintiff was non-compliant with her treatment, and the evidence indicates a possible explanation for any non-compliance. *See* AR at 848-49, 53. An ALJ may reject lay testimony where the claimant has not been compliant with treatment, but must consider any reasons the claimant presents to explain her non-compliance. *See Trevizo v. Berryhill*, 871 F.3d 664, 680 (9th Cir. 2017). The only records to which the ALJ referred are treatment notes from an appointment in September 2012 in which Plaintiff reported that she only took 100 mg of Dilantin instead of the prescribed 400 mg "due to her concerns that this agent was causing her to be sedated." AR at 848. The ALJ did not address Plaintiff's reason for her non-compliance, nor could the ALJ reasonably conclude much of anything about Plaintiff's overall compliance with treatment from this single record. Thus, the ALJ erred in rejecting the lay witness testimony on this basis.

Second, the ALJ's statement that Plaintiff's seizures were "overall maintained" is so vague as to be meaningless. The record suggests that Plaintiff had at least six to eight seizures in 2012, and continued to have them periodically in 2013 and 2014. *See id.* at 521-33, 806, 815, 847, 863-64, 995. Reports varied as to how long after her seizures she continued to feel their effects. *See id.* at 75-76, 760, 826, 834. The Court is unable to discern from the record in what way Plaintiff's seizures were "maintained," and will not guess as to the ALJ's thinking. *See Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1225-26 (9th Cir. 2009) (noting that courts will not "attempt to intuit what the [ALJ] may have been thinking") (citing *SEC v. Chenery Corp.*, 332 U.S. 194, 196 (1947)). Consequently, the ALJ erred in rejecting the lay witness testimony on such a vague

notion as stating that Plaintiff's seizures were "maintained." *See Garrison v. Colvin*, 759 F.3d 995, 1012-13 (9th Cir. 2014) (holding that an ALJ errs when he rejects a medical opinion "while doing nothing more than . . . criticizing it with boilerplate language that fails to offer a substantive basis for his conclusion.").

The ALJ's error must be considered harmful. "Where the ALJ's error lies in a failure to properly discuss competent lay witness testimony favorable to the claimant, a reviewing court cannot consider the error harmless unless it can confidently conclude that no reasonable ALJ, when fully crediting the testimony, could have reached a different disability determination." *Stout*, 454 F.3d at 1056. The Court cannot confidently make such a conclusion, as the lay witness testimony suggests greater limitations than the ALJ included in his RFC determination. *See, e.g.*, AR at 483 (noting that Plaintiff was "out of it for a few [hours]" after a seizure); 521-33 (noting that Plaintiff's seizures lasted between two and 10 minutes).

**D.     The ALJ Erred at Step Five of the Disability Evaluation Process**

Plaintiff last argues that the ALJ's determination at step five was not supported by substantial evidence. *See* Pl. Op. Br. at 10-13. Because the Court has found that the ALJ erred in weighing the lay witness evidence, the Court agrees. Plaintiff raises several other arguments at step five, however, and the Court briefly addresses them.

First, Plaintiff argues that the ALJ erred because he misidentified the identification number from the Dictionary of Occupational Titles ("DOT") for agricultural sorter, and misstated the number of jobs available. *See id.* at 12. The erroneous DOT number appears to be a clerical error, but the ALJ did err in stating the number of agricultural

1 sorter jobs available. The ALJ stated that there were 2,000,000 agricultural sorter jobs in
2 the national economy, but the vocational expert testified that there were only 17,000 of
3 these jobs available. *See* AR at 52, 93.
4     Second, Plaintiff argues that the vocational expert who testified at the hearing,
5 Steve Duchesne, lacked evidentiary support for the job numbers to which he testified.
6 *See* Pl. Op. Br. at 12. The Court disagrees. "A [vocational expert's] recognized expertise
7 provides the necessary foundation for his or her testimony." *Bayliss v. Barnhart*, 427
8 F.3d 1211, 1218 (9th Cir. 2005). Plaintiff submitted a declaration from Joseph Moisan,
9 Ed.D., which contradicted Mr. Duchesne's testimony. *See* AR at 563-66. The ALJ
10 discussed the evidence from Mr. Moisan and Mr. Duchesne, and reasonably decided to
11 credit Mr. Duchesne over Mr. Moisan. *See id.* at 52-53. The ALJ was entitled to make
12 this determination, and did not err in doing so. *See Lewis v. Apfel*, 236 F.3d 503, 509 (9th
13 Cir. 2001); *see also Vandevoort v. Berryhill*, No. 3:16-CV-05493-DWC, 2017 WL
14 413203, at *7 (W.D. Wash. Jan. 31, 2017) (addressing similar arguments from Plaintiff's
15 counsel regarding appropriate sources for determining job numbers); *Merryflorian v.
16 Astrue*, No. 12-CV-2493-IEG, 2013 WL 4783069, at *4-5 (S.D. Cal. Sept. 6, 2013)
17 (citing numerous cases rejecting similar arguments).
18     In sum, the ALJ erred because he failed to properly address the lay witness
19 statements in this case, which deprived his step five findings of substantial evidentiary
20 support. *See Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 886 (9th Cir. 2006) (holding that
21 ALJ's step five determination was unsupported by substantial evidence where the ALJ
22 failed to properly account for the testimony of the claimant and a lay witness).

**E.     Scope of Remand**

Plaintiff asks the Court to remand for an award of benefits. *See* Pl. Op. Br. at 13. Remand for an award of benefits "is a rare and prophylactic exception to the well-established ordinary remand rule." *Leon v. Berryhill*, 880 F.3d 1041, 1044 (9th Cir. 2017). The Ninth Circuit has established a three-step framework for deciding whether a case may be remanded for an award of benefits. *Id.* at 1045. First, the Court must determine whether the ALJ has failed to provide legally sufficient reasons for rejecting evidence. *Id.* (citing *Garrison*, 759 F.3d at 1020). Second, the Court must determine "whether the record has been fully developed, whether there are outstanding issues that must be resolved before a determination of disability can be made, and whether further administrative proceedings would be useful." *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1101 (9th Cir. 2014) (internal citations and quotation marks omitted). If the first two steps are satisfied, the Court must determine whether, "if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand." *Garrison*, 759 F.3d at 1020. "Even if [the Court] reach[es] the third step and credits [the improperly rejected evidence] as true, it is within the court's discretion either to make a direct award of benefits or to remand for further proceedings." *Leon*, 880 F.3d at 1045 (citing *Treichler*, 773 F.3d at 1101).

The first step of the remand-for-benefits framework has been met, but the second has not. The Court is not in a position to weigh the lay witness statements the ALJ failed to properly evaluate, nor can the Court translate those statements into an RFC. *See Rounds v. Comm'r Soc. Sec. Admin.*, 807 F.3d 996, 1006 (9th Cir. 2015) (noting that the

ALJ is responsible for translating the evidence into an RFC). Remand for further proceedings is necessary to resolve these issues. *See Leon*, 880 F.3d at 1047-48 (affirming the district court's remand for further proceedings rather than remand for an award of benefits where there were unresolved conflicts and ambiguities in the evidence).

On remand, the ALJ shall reevaluate the lay witness statements; reassess Plaintiff's RFC; and conduct further proceedings as necessary to reevaluate the disability determination in light of this opinion.

## VIII. ORDER

Based on the foregoing, it is hereby **ORDERED** that the Commissioner's final decision denying Plaintiff disability benefits is **REVERSED** and this case is **REMANDED** for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

Dated this 18th day of December, 2018.

BENJAMIN H. SETTLE
United States District Judge