UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ERICA ANGELA ULFENG,

                Plaintiff,

v.

NANCY A. BERRYHILL, Deputy Commissioner of Social Security for Operations,

                Defendant.

Case No. C18-5307 BHS

ORDER DENYING DEFENDANT'S MOTION TO ALTER OR AMEND JUDGMENT PURSUANT TO FED. R. CIV. P. 59(e)

This matter comes before the Court on Defendant Nancy A. Berryhill's Motion to Alter or Amend Judgment Pursuant to Fed. R. Civ. P. 59(e). The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file, and hereby denies the motion for the reasons stated herein.

## I.    PROCEDURAL AND FACTUAL HISTORY

On December 18, 2018, the Court entered an order reversing and remanding the Social Security Administration's denial of benefits. Dkt. 17. On January 15, 2019, Defendant filed the present motion, arguing that the Court erred in finding that the ALJ improperly evaluated the lay witness evidence. Dkt. 19.

## II. DISCUSSION

Rule 59(e) "offers an extraordinary remedy, to be used sparingly in the interest of finality and conservation of judicial resources." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003) (internal citations and quotation marks omitted). "Indeed, 'a motion for reconsideration [under Rule 59(e)] should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law.'" *Id.* (quoting *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000)). Rule 59(e) "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been made prior to the entry of judgment." *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008) (citation omitted). The Court has "considerable discretion when considering a motion to amend a judgment under Rule 59(e)." *Turner v. Burlington N. Santa Fe R. Co.*, 338 F.3d 1058, 1063 (9th Cir. 2003).

Defendant argues that the Court failed to consider all the reasons the ALJ gave for rejecting the lay witness evidence. Dkt. 19. The ALJ discounted the statements from the lay witnesses here because "the evidence of record before the established onset date collectively showed signs of greater physical and mental functioning than [the lay witness statements] addressed. As discussed above, in spite of non-compliance with treatment at times, seizure activity appeared to be overall maintained." AR at 51. The Court found that (a) "the record contains little evidence that Plaintiff was non-compliant with her treatment, and the evidence indicates a possible explanation for any non-compliance";

and (b) "the ALJ's statement that Plaintiff's seizures were 'overall maintained' is so vague as to be meaningless." Dkt. 17 at 9.

Defendant's Motion is little more than a request for the Court to "rethink what it has already thought." *Motorola v. J.B. Rodgers Mech. Contrs., Inc.*, 215 F.R.D. 581, 582 (D. Ariz. 2003). Much of Defendant's argument depends on *post hoc* rationalizations that the ALJ did not give for rejecting the lay witness statements. The Court may only affirm an ALJ's decision based on the reasons actually given, "not *post hoc* rationalizations that attempt to intuit what the adjudicator may have been thinking." *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1225-26 (9th Cir. 2009) (citing *SEC v. Chenery Corp.*, 332 U.S. 194, 196 (1947)). Moreover, the Court fully analyzed the evidence regarding the ALJ's reasoning in reaching its determination. Accordingly, Defendant has failed to meet her burden of showing clear error with respect to the ALJ's evaluation of the lay witness testimony. *See 389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999).

## III.   ORDER

Therefore, it is hereby ORDERED that Defendant's motion, Dkt. 19, is DENIED.

DATED this 14th day of February, 2019.

BENJAMIN H. SETTLE
United States District Judge